**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHE SONNOUNE TCHINDA, | No.   18-71143 |
| Petitioner, | Agency No. A208-602-106 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2020
Portland, Oregon

Before:  SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

Petitioner Christophe Sonnoune Tchinda, a native and citizen of Cameroon,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

dismissing his appeal from the order of an immigration judge (IJ) denying his

application for asylum, withholding of removal, and Convention Against Torture

(CAT) protection.  He fears persecution at the hands of an army colonel who had

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asked him to participate in a fraudulent scheme so the colonel could obtain money from the government of Cameroon. Petitioner argues the evidence compels the conclusion that he was persecuted on account of his political or religious opinion, because he refused to participate in the scheme on the ground that doing so would be contrary to his Christian values.

Although the IJ found Petitioner credible, the BIA assumed credibility without deciding the issue. The BIA held that Petitioner had not established that the colonel's persecution was on account of Petitioner's political opinion rather than in furtherance of the colonel's own self interest, and therefore upheld the denial of asylum and withholding. *See Matter of N-M-*, 25 I. & N. Dec. 526, 531-32 (B.I.A. 2011).

That conclusion is supported by substantial evidence. Regardless of the political or moral reasons for Petitioner's refusal to participate in the corrupt scheme, under 8 U.S.C. § § 1158(b)(1)(B)(i) and 1231(b)(3)(C), it is the motivation of the persecutor that is key. *Singh v. Barr*, 935 F.3d 822, 824 (9th Cir. 2019). In this case, the threats to kill Petitioner stemmed from his refusal to engage in corrupt activity that would financially benefit the colonel. According to Petitioner's testimony, the threats were made only after the colonel learned Petitioner had spoken to others about the incident; the colonel threatened to kill

Petitioner if he continued to refuse to participate in the scheme or if he reported it. Although the colonel was aware that Petitioner's reasons for refusing to participate were rooted in his religious, anti-corruption beliefs, the evidence does not compel the conclusion that the colonel's threats were on account of those beliefs, as opposed to the colonel's own financial interests and fear of exposure. The threats thus grew out of a personal dispute rather than opposition to any political opinion. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1025 (9th Cir. 2010) (distinguishing persecution on account of a personal dispute, from persecution on account of an imputed political opinion based on evidence of persecutor's motive).

Denial of CAT protection is supported by substantial evidence because Petitioner did not demonstrate past torture and did not otherwise show a likelihood of future torture. Although 8 C.F.R. § 1208.18(a)(4)(iii) defines torture to include death threats when the threats result in prolonged mental pain and suffering, Petitioner provides no evidence indicating that he experienced such prolonged suffering. Petitioner additionally presents evidence of corruption and violence in Cameroon generally to show likelihood of future torture, yet such evidence lacks the requisite specificity. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curium).

3

The IJ did not abuse its discretion in discounting Dr. Nesbitt's testimony. IJ's are generally given deference for decisions like this assigning weight to evidence, as long as the IJ indicates "how they weighed the factors involved and how they arrived at their conclusion." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (cleaned up). Here, the IJ explained that Dr. Nesbitt had limited familiarity with the facts of Petitioner's case, studied Boko Haram (not general corruption in Cameroon), and would have added very little to the country condition reports Petitioner also provided. Such an explanation is adequate and the IJ's discounting is entitled to deference.

**PETITION DENIED.**